HENDRY, Judge.
Appellant-defendant Southern American Fire Insurance Company seeks review of a final judgment entered after a non-jury trial upon appellee-plaintiff, Cambridge Hotel, Inc.’s complaint alleging a breach of a fire insurance contract. Cambridge Hotel, Inc. has also filed a cross-appeal.
Cambridge Hotel, Inc. held a policy issued by Southern American Fire Insurance Company for $115,000.00, representing 80% of value; 100% of value being $153,333.00. A fire occurred on the insured premises on February 14, 1968. The insurer rejected the proof of loss alleging damages of $21,085.22 filed by Cambridge Hotel, the insured.
The policy contained a legend that “this represents 75% of total coverage in force.” A deductible provision in the endorsement was for “5% of the total amount of coverage in force.”
The trial court ruled that the “75% of total coverage in force” clause was unambiguous, not in conflict with other policy provisions, and was binding upon the parties. In the language of the trial judge, “The total deductible to be applied, therefore, using the formula of ‘5% of the total amount of coverage in force’, as provided in the policy endorsement is based on the total coverage that should have been in force, even if there admittedly was no other insurance policy in force either at the inception of the subject policy or at the time of the loss or $153,333.00, and the applicable deductible would therefore be $7,-666.66.”
After evaluating the testimony as to damages, the trial court found the amount of damages for the partial loss to be $23,-300.00. As the policy covered only 75% of the damage and loss, the insurance company was found liable for $17,475.00 less the 5% deductible of $7,666.66, which left $9,-809.00, plus interest at 6% from 60 days after the proof of loss was filed.
Appellant insurance company contends on appeal that the court erred in: (a) failing to deduct depreciation of the property from the cost of replacement, which cost was not based upon that “of like kind and quality” specified in the contract, and (b) awarding attorney’s fees where there was a contingent fee agreement.
The cross-appellant, Cambridge Hotel contends that the court erred in finding that the provision “This represents 75% of the total coverage in force” limited the insured to 75% of its loss.
We have considered the briefs and record and have heard oral argument. We express the view that the trial court correctly computed the damages under the terms of the instant contract that is, 75% of the damages, less the 5% deductible, plus interest. Depreciation was not deducted, and correctly so, under the contract provisions. Attorneys fees were properly awarded.
Therefore the judgment appealed from is affirmed.
Affirmed.